UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:01-cr-31-MOC-5

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **MARCUS RAEFORD WORTHY,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (#725). Defendant, a 48-year old black male currently incarcerated at FCI Ashland in Ashland, Kentucky, seeks early release from prison under 18 U.S.C. § 3582(c)(1)(A) based on the COVID-19 pandemic on the grounds that he is susceptible to COVID-19 infection due to having high blood pressure and allegedly tuberculosis. The Government has responded in opposition to the motion.

### I.  BACKGROUND

On November 13, 2017, Defendant was convicted of violations of his terms of supervised release. This Court sentenced him to revocation and 51 months of imprisonment. Defendant was on supervised release for a prior drug conspiracy conviction and possession of firearm by felon conviction, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 922(g)(1).

Defendant's criminal history includes multiple felony drug convictions and firearms convictions in North Carolina and federal courts. On April 3, 2020, Defendant made a pro se request to the warden of FCI Ashland for home detention under the CARES Act, claiming he is

-1-

Case 3:01-cr-00031-MOC   Document 734   Filed 08/13/20   Page 1 of 4

at higher risk due to hypertension and tuberculosis. The warden denied the request on April 30, 2020, because of Defendant's medium risk recidivism rate and his history of violence.

Defendant submitted another compassionate release request on the same basis on May 21, 2020, and the warden denied the request for lack of documentation. On May 28, 2020, Defendant sent a third request based on asserted pre-existing medical conditions. The warden denied this request on June 10, 2020, because Defendant did not provide a release plan or explain how he would obtain medical care outside prison, because he has only served 66.2% of his sentence, and because of his lengthy criminal history.

On April 29, 2020, Defendant filed a pro se motion in this Court seeking compassionate release. On May 15, 2020, this Court denied Defendant's motion on the basis that he had not demonstrated that he had exhausted his administrative remedies within the BOP. On May 14, 2020, Defendant wrote another letter in which Defendant provided documentation that he had made a request for compassionate release in the BOP on April 3, 2020, which the warden denied on April 30, 2020. The Court construed this letter as a pro se motion requesting compassionate release under 18 U.S.C. § 3582(c)(1)(A), on the basis of alleged extraordinary and compelling reasons warranting a sentence reduction. The Court denied relief on May 28, 2020, on the basis that Defendant had not provided any medical records to substantiate his claim of extraordinary and compelling reasons warranting compassionate release. (Doc. No. 723). On July 6, 2020, Defendant filed the pending motion. (Doc. No. 725). On July 22, 2020, the Court ordered the Government to respond to Defendant's motion. (Doc. 728).

Defendant's projected release date is March 31, 2021. According to Defendant, he is scheduled to be assigned to a half-way house on December 2, 2020, and the Government states

that it has no information to the contrary. Defendant has no disciplinary or behavioral violations during the current incarceration in BOP. The BOP medical records show that Defendant has been treated for essential (primary) hypertension while in prison. The Government asserts that the medical records provided by Defendant and the BOP show no documentation to corroborate Defendant's claim of having tuberculosis.

## II. DISCUSSION

Defendant's motion is denied for the reasons stated in the Government's opposing brief. Specifically, the motion is denied because Defendant has not shown "exceptional reasons" to support his release based on the COVID-19 pandemic. As the Government notes, although Defendant's hypertension <u>might</u> place him at a higher risk for severe outcomes from COVID-19, other factors weigh against his release—specifically the fact that he would be a danger to the community because of his past criminal convictions and conduct. Additionally, Defendant has not shown that FCI Ashland is specifically unable to adequately manage COVID-19 or treat him should he contract the virus. On the other hand, the community he wants to return to—Mecklenburg County—has more than 20,000 COVID-19 cases. Thus, for the reasons stated in the Government's response in opposition, the Court will deny Defendant's motion.

Defendant has also asked in the alternative that this Court order BOP to place him in home confinement with strict conditions. This request is denied, as this Court has no authority to direct BOP to place a defendant in home confinement. Rather, such designation decisions are committed solely to BOP's discretion. <u>See</u> 18 U.S.C. § 3621(b); <u>Moore v. United States Att'y Gen.</u>, 473 F.2d 1375, 1376 (5th Cir. 1973) (per curiam); <u>see also</u> <u>McKune v. Lile</u>, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates is at the

-3-

Case 3:01-cr-00031-MOC   Document 734   Filed 08/13/20   Page 3 of 4

core of prison administrators' expertise."). A court has no authority to designate a prisoner's place of incarceration. United States v. Voda, 994 F.2d 149, 151–52 (5th Cir. 1993). Because Defendant's request for home confinement alters only the place of incarceration, not the actual term of incarceration, only BOP may grant or deny his request.

Having thus considered defendant's motion and reviewed the pleadings, the Court enters the following Order.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (#725), is **DENIED**.

Signed: August 12, 2020

Max O. Cogburn Jr
United States District Judge